FILED

FEB 1 8 2014

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOMOLU STEWART, )
)
Petitioner, )
)
v. ) Civil Action No. 14-245
)
UNITED STATES OF AMERICA, )
)
Respondent. )

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus.

On October 9, 1999, in the Superior Court of the District of Columbia, a jury found the petitioner guilty of second degree murder while armed, first degree premeditated murder while armed, and possession of a firearm during a crime of violence, among other offenses. *See* Mem. of P. & A. with Law in Support of Pet. for Wirt of Habeas Corpus Pursuant to 28 U.S.C. § 2254(d)(1) Mot. to Vacate, Set-Aside, and Correct Conviction at 3; *see McCraney v. United States*, 983 A.2d 1041 (D.C. 2009) (upholding convictions and denials of post-conviction motions of the petitioner and co-defendant Kareem McCraney). According to the petitioner, because the District of Columbia Court of Appeals erred in affirming his conviction, *see generally* Pet.'s Mem. at 5-13, his "conviction and sentence must be vacated [and] remanded back to the Superior Court for an evidentiary hearing," *id.* at 13, and "for a vacatur of [his] [c]onviction and [s]entence," *id.* at 14.

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."). The petitioner's lack of success in his previous attempt to collaterally attack his conviction and sentence does not render his local remedy inadequate or ineffective, *see Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D.D.C. 1995), and he has no recourse in this federal district court. Furthermore, because "federal district courts lack jurisdiction to review judicial decisions by . . . District of Columbia courts," *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citing *District of Columbia v. Feldman*, 460 U.S. 462, 476 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923)), this Court neither can remand the petitioner's criminal case to the Superior Court nor can overturn the ruling of the District of Columbia Court of Appeals.

An Order accompanies this Memorandum Opinion.

DATE: January 31, 2014

_____
United States District Judge